UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────────┐
│ USDC SDNY                            │
│ DOCUMENT                             │
│ ELECTRONICALLY FILED                 │
│ DOC #: _____              │
│ DATE FILED:  _10/12/2022_____     │
└─────────────────────────────────────┘
```

FRANCIS ASSIFUAH,

                    Plaintiff,

      -against-

REUVEN L. COHEN, ESQ;
WILLIAMS COHEN LLP,

                 Defendants.

20 Civ. 5050 (AT)

**<u>ORDER</u>**

ANALISA TORRES, District Judge:

      Plaintiff *pro se*, Francis Assifuah, brings this action against Defendants Reuven L. Cohen and Williams Cohen LLP, alleging state law fraud by concealment and suppression, breach of fiduciary duty, and malpractice causes of action, and a claim for violation of or conspiracy to violate his constitutional rights.   Amend. Compl., ECF Nos. 33–34.   On March 16, 2021, Defendants moved to dismiss Plaintiff's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).   Defs. Mot., ECF No. 37.   For the reasons stated below, Defendants' motion to dismiss is GRANTED, and this case is DISMISSED with prejudice.

## BACKGROUND[1]

      This case arises from Defendants' representation of Plaintiff in a criminal case before the Honorable Katherine B. Forrest, *United States v. Assifuah*, No. 15 Cr. 616-9, ECF No. 3 (admitting Defendant Cohen *pro hac vice*).[2]   Amend. Compl. 1–2.   Plaintiff was charged with conspiracy to commit wire fraud and mail fraud, wire fraud, and conspiracy to commit money laundering.   *Id.*; *see also United States v. Assifuah*, No. 15 Cr. 616-9, ECF No. 138.   On February 7, 2017, Plaintiff pleaded guilty to conspiracy to commit wire fraud and mail fraud.   Amend. Compl. at 1; *United*

---

[1] The following facts are taken from the second amended complaint and "are presumed to be true for purposes of considering a motion to dismiss for failure to state a claim."  *Fin. Guar. Ins. Co. v. Putnam Advisory Co., LLC*, 783 F.3d 395, 398 (2d Cir. 2015).

[2] The Court takes judicial notice of *United States v. Assifuah*, No. 15 Cr. 616-9 and *Assifuah v. United States*, No. 20 Civ. 6163.  *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006).

*States v. Assifuah*, No. 15 Cr. 616-9, Feb. 7, 2017 Dkt. Entry.  On September 19, 2017, he

sentenced to thirty-three months' imprisonment to be followed by two years of supervised release

and ordered to pay a $100 special assessment and forfeit the money traceable to the offense, in the

amount of $346,717.08.  Amend. Compl. at 1–2; *United States v. Assifuah*, No. 15 Cr. 616-9, ECF

No. 556.

      Plaintiff alleges that his co-defendant in the criminal matter, Erdolo Eromo, introduced

Plaintiff to Defendants.  Amend. Compl. at 2, 5.  Further, he alleges that Eromo offered to pay for

his legal costs.  *Id.*  Eromo paid "not less than $90,000" for Defendants' representation of Plaintiff.

*Id.* at 4.  Plaintiff asserts that this legal representation was a "sham" and part of Eromo's efforts to

enter into a cooperation agreement with the government by preventing Plaintiff from "offering

testimony to the government against Eromo."  *Id.* at 2–3.  Plaintiff contends that Defendants had

a conflict of interest and that they fraudulently represented their interests to Plaintiff.  *Id.* at 2.

Specifically, Plaintiff alleges that Defendants told Eromo of Plaintiff's intent to cooperate with the

government to Eromo's detriment and provided Eromo with calculations of loss amounts that were

later used by the government to calculate Plaintiff's forfeiture amount.  *Id.* at 3, 5.  Plaintiff asserts

that Defendants induced Plaintiff into accepting a plea agreement "against his interest, in order to

avoid [the] enormous cost[s] associated with [a] trial" for which Eromo would be liable.  *Id.*

Plaintiff contends that Defendants' actions "deprived [him] his constitutional [rights to] due

process, substantive due process (Freedom from Bodily Restraints), and right to counsel under the

[S]ixth [A]mendment."  *Id.* at 4; *see also* ECF No. 34.

      On April 29, 2020, Plaintiff filed this action in the District of Nevada.  ECF No. 1.  The

action was transferred to this district on June 30, 2020, because "Plaintiff's claims arise out of

alleged events taking place in New York state."  ECF No. 8 at 2.  On January 22, 2021, Defendants

moved to dismiss the complaint.  ECF No. 30.  In response, Plaintiff filed an amended complaint which states three causes of action: (1) fraud by concealment and suppression; (2) breach of fiduciary duty; and (3) malpractice.  Amend. Compl. at 7–8.  Plaintiff also alleges that Defendants violated his constitutional rights.  *Id.*  On February 9, 2021, Plaintiff filed a motion which states a fourth cause of action, civil conspiracy to violate Plaintiff's constitutional rights.  ECF No. 34 at 2, 12–13.  Because this cause of action was alluded to in the amended complaint, Amend. Compl. at 4, 8, the Court shall also consider it.  On March 13, 2021, Defendants filed a motion to dismiss the amended complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  Defs. Mot.  On March 31, 2022, the Court issued an order granting Defendants' motion.  ECF No. 52.  The Court stated that it would issue a memorandum opinion in due course.  *Id.*  This is that memorandum opinion.

## DISCUSSION

I.    <u>Legal Standard</u>

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient factual allegations in the complaint that, accepted as true, "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A plaintiff is not required to provide "detailed factual allegations" in the complaint, but must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  Ultimately, the facts pleaded in the complaint "must be enough to raise a right to relief above the speculative level."  *Id.*  When considering a motion to dismiss, a court must accept the well-pleaded facts in the pleadings as true and draw all reasonable inferences in favor of the non-movant.  *Williams v. Richardson*, 425 F. Supp. 3d 190, 200 (S.D.N.Y. 2019).

Additionally, because Plaintiff proceeds *pro se*, a court is obligated to construe his submissions "liberally and interpret[] [them] to raise the strongest arguments they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis, quotation marks, and citation omitted).  And, on a motion to dismiss, a court may appropriately consider a *pro se* plaintiff's opposition papers to "supplement or clarify" the allegations in their complaint. *Sommersett v. City of New York*, No. 09 Civ. 5916, 2011 WL 2565301, at *3 (S.D.N.Y. June 28, 2011) (citation omitted).

II.   Choice of Law

Plaintiff's claims, with the exception of the constitutional claims, are state law claims that sound in malpractice.  *See* Amend. Compl. 7–8.  In his amended complaint, Plaintiff does not indicate which state's law he believes governs his action.  *See generally* Amend. Compl.  In their memorandum, Defendants state that New York law applies because the underlying criminal action was in New York.  Defs. Mem. at 7 n.4, ECF No. 39.  In his opposition, Plaintiff countered that the wrongful conduct occurred in Nevada, where Plaintiff was located, and California, where Defendants were located.[3]  Pl. Opp'n at 3–4, ECF No. 42.  In reply, Defendants argue that although New York law applies, the law of Nevada and California are in accord with that of New York, and therefore there is no choice-of-law issue.  Defs. Reply at 5–6, ECF No. 43.  The Court must determine which state's law shall govern this action.

"[A] federal court sitting in diversity must apply the conflict-of-laws rules of the state in which the federal court sits," therefore, New York's choice-of-law rules govern the Court's

---

[3] Plaintiff cites cases applying the law of California, *e.g.*, Pl. Opp'n at 16–17, 20, Massachusetts, *id.* at 16, the District of Columbia, *id.* at 17, Nevada, Pl. Supp. at 5, 7–8, ECF No. 48, Idaho, *id.* at 7, Minnesota, *id.* at 7, 9, and Texas, *id.* at 7.  He also cites a case applying federal copyright law.  Pl. Opp'n at 20.  Finally, he makes arguments under the Nevada Revised Statutes.  ECF No. 48 at 4.

decision on which state's law applies to Plaintiff's claims. *Cantor Fitzgerald Inc. v. Lutnick*, 313 F.3d 704, 710 (2d Cir. 2002). Under New York law, the Court must determine whether there is an actual conflict between the bodies of law that each party seeks to have applied. *Curley v. AMR Corp.*, 153 F.3d 5, 12 (2d Cir. 1998). An actual conflict exists when a difference in the substantive law of each jurisdiction is relevant to, and has a significant possible effect on, the outcome of the suit. *Fin. One Pub. Co. v. Lehman Bros. Special Fin., Inc.*, 414 F.3d 325, 331 (2d Cir. 2005).

Here, there is no material conflict between the laws of California, Nevada, and New York. The law of all three states mandates the dismissal of Plaintiff's claims sounding in malpractice because he has not obtained post-conviction relief or asserted that he is innocent. *See Wiley v. Cty. of San Diego*, 966 P.2d 983, 985–86 (Cal. 1998); *Morgano v. Smith*, 879 P.2d 735, 737–38 (Nev. 1994); *Carmel v. Lunney*, 511 N.E.2d 1126, 1128 (N.Y. 1987).

Even if there were a conflict between the laws of the three states, New York law would apply because New York's choice-of-law rules dictate that this Court apply the laws of the jurisdiction with the greatest interest in the litigation. *Licci v. Lebanese Canadian Bank, SAL*, 672 F.3d 155, 157–58 (2d Cir. 2012). The representation at the heart of this case was in New York, by a lawyer permitted to practice here due to his *pro hac vice* application. New York has the greatest interest in this case and the greatest connection to the underlying facts. *See Klein v. Talkin, Muccigrosso & Roberts, L.L.P*, No. 09 Civ. 2630, 2009 WL 4642201, *2 (S.D.N.Y. Dec. 3, 2009). Therefore, the Court shall apply New York law.

III.   Malpractice Claim

Plaintiff's causes of action for fraud by concealment and suppression, breach of fiduciary duty, and malpractice all arise out of the same course of conduct and facts—namely, Defendants' representation of Plaintiff in his criminal case. The fraud by concealment and suppression claim,

5

although articulated as a fraud claim, is duplicative of the malpractice claim in that Plaintiff argues that Defendants did not inform Plaintiff of facts relevant to his criminal case, which "Defendant as an attorney for . . . [P]laintiff had [a] legal duty to disclose." Amend. Compl. at 7. Claims for omissions or "fraud" by an attorney have been held to duplicate malpractice claims. *See Tenamee v. Schmukler*, 438 F. Supp. 2d 438, 446 (S.D.N.Y. 2006); *see also Coscia v. McKenna & Cuneo*, 25 P.3d 670, 678–79 (Cal. 2001) (grouping omission with malpractice and differentiating it from "actual fraud"); *ArndelL v. Robison, Belaustegui, Sharp & Low*, No. 11 Civ. 469, 2012 WL 12897879, \*3 (D. Nev. May 11, 2012) (applying Nevada law). The breach of fiduciary duty cause of action is also duplicative of the malpractice claim. *Hanna v. Goldenberg*, No. 91 Civ. 1648, 1994 WL 30411, at \*3 (S.D.N.Y. Feb. 2, 1994), *aff'd*, 41 F.3d 1503 (2d Cir. 1994); *see also Afont v. Poynter Law Grp.*, No. 17 Civ. 1388, 2018 WL 6136147, \*6–7 (C.D. Cal. Nov. 5, 2018) (applying California law); *Stalk v. Mushkin*, 199 P.3d 838, 842–44 (Nev. 2009). Therefore, the Court shall analyze these three claims together.

"To state a cause of action for legal malpractice arising from negligent representation in a criminal proceeding, [P]laintiff must allege his innocence or a colorable claim of innocence of the underlying offense, for so long as the determination of his guilt of that offense remains undisturbed, no cause of action will lie." *Carmel*, 511 N.E.2d at 1128 (citation omitted). Here, Plaintiff does not allege that he is innocent, and the conviction remains undisturbed. *See generally* Amend. Compl. Therefore, no malpractice claim, or claims that sound in malpractice, are actionable. Accordingly, Defendants' motion to dismiss the fraud by concealment and suppression, breach of fiduciary duty, and malpractice causes of action is GRANTED.

IV.   <u>Constitutional Claims</u>

Plaintiff alleges that Defendants violated his constitutional rights or conspired with Eromo

6

to violate his constitutional rights and demands damages. Amend. Compl. at 4, 8–9; ECF No. 34 at 12–13. The Court construes this as a claim under 42 U.S.C. § 1983. To state a claim for damages for a violation of one's constitutional rights, a plaintiff must allege that the defendant was acting under color of law. *Graseck v. Mauceri*, 582 F.2d 203, 207 (2d Cir. 1978). An action is taken under color of law if it is taken through the misuse of power, possessed by virtue of federal or state law, and made possible only because the wrongdoer is clothed with the authority of federal or state law. *United States v. Temple*, 447 F.3d 130, 138 (2d Cir. 2006). Plaintiff does not allege that Defendants were acting under color of law, nor could he because they are lay citizens. Therefore, the claim fails. To state a claim for a § 1983 conspiracy claim, a plaintiff must allege an agreement between a state actor and another entity. *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999). Plaintiff's § 1983 conspiracy claim fails because he alleges a conspiracy between Defendants and between Defendants and Eromo, none of which are state actors. Accordingly, Defendants' motion to dismiss the constitutional claims is GRANTED.

V.     <u>Leave To Amend</u>

The Court finds that further amendment would be futile. For his malpractice claims, Plaintiff has exhausted his direct appeal and collateral attack on his conviction, *see United States v. Assifuah*, No. 15 Cr. 616-9, ECF No. 758; *Assifuah v. United States*, No. 20 Civ. 6163, ECF No. 23, therefore, he will not be able to plead a successful case. With regard to the constitutional claims, Defendants' status as non-state actors who were not acting under color of law will not change. Therefore, amendment will be futile. *Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011).

## CONCLUSION

For the reasons stated above, Defendants' motion to dismiss is GRANTED and the case is

DISMISSED with prejudice.  The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: October 12, 2022
       New York, New York

_____
ANALISA TORRES
United States District Judge

8